```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH CINARDI, et al.,
                              Plaintiffs,
                                                                    ORDER
              - against -
                                                                    CV 07-2693 (CPS) (JO)
CANADIAN TRANSPORT
COMPANY, LTD., et al.,
                              Defendants.
-----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

On November 5, 2007, I entered the following order:

A review of the docket entries in this action indicates that there has been no activity in this case since the Complaint was filed on July 3, 2007 (docket entry 1). No later than December 5, 2007, one of the following events must occur: (a) the defendant must file an answer, (b) the parties must file a stipulation extending the defendant's time to answer, or (c) the plaintiff must file a motion for the entry of a notation of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute. The plaintiff's counsel is directed to provide a copy of this order to his client and to the defendant.

Docket Entry ("DE") 2. Over two weeks later, the plaintiff asked me to vacate that order on the ground that the named defendants are foreign corporations and that service therefore need not be completed within 120 days pursuant to Federal Rule of Civil Procedure 4(m). DE 3.

Although it is true that Rule 4(m) does not control in the circumstances of this case, that fact does not excuse the plaintiff from the obligation to be diligent in effecting service of process. In particular, the court has the authority to dismiss the complaint for failure to prosecute if the plaintiff fails at least to attempt service within the normal 120-day period. *See Mentors Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985); *Shaw v. Rolex Watch U.S.A., Inc.*, 745 F. Supp. 982,

987-88 (S.D.N.Y. 1990). Accordingly, there is no reason to vacate my earlier order, but there is reason to modify it, which I now do.

No later than December 5, 2007, one of the following events must occur as to each defendant: (a) the defendant must file an answer, (b) the parties must file a stipulation extending the defendant's time to answer, or (c) the plaintiffs must file a motion for the entry of a notation of default; or (d) the plaintiffs must file a report setting forth in detail its attempts to effect service on the defendant within 120 days of the issuance of the summons on July 3, 2007, and the reason those efforts failed. If, as to any defendant, none of the preceding events occurs by the deadline set forth above, I will deem the plaintiffs to have abandoned the case against that defendant and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the claims against that defendant for failure to prosecute. The plaintiffs' counsel is directed to provide a copy of this order to his client and to each defendant.

**SO ORDERED.**

Dated: Brooklyn, New York
November 21, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

2